**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

TIMOTHY FLETCHER,
                Petitioner,

    v.                                          05-CV-1383
                                                 (GLS/DRH)

HAROLD GRAHM, Superintendent,

                Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

TIMOTHY FLETCHER
Petitioner Pro Se
2253 Third Avenue
No. 1502
New York, New York 10035

HON. ANDREW M. CUOMO                            CHELSEA H. CHAFFEE, ESQ.
Attorney General for the State                  Assistant Attorney General
  of New York
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

     Petitioner pro se Timothy Fletcher ("Fletcher") was formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Auburn Correctional Facility. After a parole revocation hearing, the New York State Division of Parole found Fletcher to be in violation of his parole and he was sentenced to forty-eight

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

months incarceration.[2]  On November 3, 2005, Fletcher sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that: (1) the state court erred in dismissing his state habeas petition without addressing its merits; (2) the parole violation warrant issued for his arrest was unlawful because it was signed by the same parole officer who sought the warrant; (3) his due process rights were violated because he was not given proper notice of the grounds for his final parole revocation hearing; and (4) the parole revocation decision was not supported by a "preponderance of the evidence."

For the reasons which follow, it is recommended that Fletcher's petition be denied.

## I. Background

On March 27, 2002, Fletcher was released on parole supervision.[3]  Exh. B.[4]  On September 7, 2002, Fletcher was arrested after attempting to steal merchandise from a

---

[2] Fletcher was released on parole from this sentence on September 12, 2006, but the DOCS website indicates that the maximum expiration date relating to his original sentence is life. See DOCS Inmate Information, http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000 (visited March 21, 2007).  Therefore, it will be assumed that Fletcher remains "in custody" for the purpose of the habeas statute. See Dixon v. Miller, 293 F.3d 74, 78 (2d Cir. 2002); see also Gary v. Conway, No. 03-CV-480 (LEK), 2006 WL 3290149, at *3-4 (N.D.N.Y. Nov. 13, 2006).

[3] On February 27, 1990, Fletcher was convicted of promoting prison contraband, criminal possession of a weapon, and menacing in connection with a prison disturbance at Coxsackie Correctional Facility where Fletcher was then serving an unrelated sentence. Exh. A.  Fletcher was sentenced to an aggregate term of fifteen years to life imprisonment as a persistent felony offender.  See id.  The Appellate Division affirmed Fletcher's conviction.  People v. Fletcher, 178 A.D.2d 776 (3d Dep't 1991), lv. denied, 594 N.E.2d 949 (1992), and this Court denied Fletcher's subsequent federal habeas petition challenging this conviction.  Fletcher v. Mann, 956 F. Supp. 168 (N.D.N.Y. 1997), aff'd, 165 F.3d 13 (2d Cir. 1998).

[4] "Exh." refers to exhibit(s) submitted to the Court by Respondent.

Wal-Mart store in Middletown, New York, and fighting with the store security guard. See Exh. C.  As a result of this incident, an arrest warrant was issued for Fletcher, Exh. D, and he was charged with violating the conditions of his parole by: (1) violating his assigned curfew; (2) stealing $178.39 worth of merchandise from Wal-Mart; (3) assaulting the security guard; and (4) failing fully and truthfully to respond to an inquiry made by his parole officer concerning his arrest.[5]  Exh. C.

On November 26, 2002, a parole revocation hearing was conducted at which the Wal-Mart security officer, Fletcher's wife, and Fletcher testified to the events of September 7, 2002.  After listening to testimony, the administrative law judge ("ALJ") found that the assault charge had not been substantiated but that charges of physical harassment and petit larceny had been.  The ALJ recommended a sentence of forty-eight months imprisonment.[6]  See Exh. E.  Fletcher's subsequent appeal to the Parole Appeals Unit was denied and the prior recommendation was affirmed.  See Exh. F.

In October 2003, Fletcher filed a habeas petition in Cayuga County Court challenging the parole revocation decision.[7]  On June 29, 2004, Acting Justice Peter E. Corning dismissed the petition, holding that Fletcher was not entitled to habeas relief and that the matter should have been commenced as an Article 78 petition.[8]  See Exh. K.  On June 10,

---

[5] The first and fourth charges against Fletcher were later dismissed.  See Exh. E.

[6] On January 10, 2003, the Parole Board affirmed this recommendation.

[7] See N.Y. C.P.L.R. ART. 70 (McKinney 2005).

[8] N.Y. C.P.L.R. art. 78 (McKinney 1994 & Supp. 2006) establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.

2005, the Appellate Division affirmed the dismissal of Fletcher's habeas petition, see People ex rel. Fletcher v. Travis, 19 A.D.2d 1097 (4th Dep't 2005), holding that the County Court had properly dismissed the petition. The court further held that "substantial evidence" supported the determination that Fletcher had violated his parole and that the parole warrant was properly issued. Id. at 1098. On September 15, 2006, the New York State Court of Appeals denied leave to appeal. See Exh. R. This action followed.

## II. Discussion

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, restricts review of habeas petitions. A federal court may grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) (1996). "Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law . . . ." William v. Taylor, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

As the Second Circuit noted in Eve v. Senkowski, 321 F.3d 110, 121 (2d Cir. 2003),

"to adjudicate a claim on the merits, the state court need not mention the argument raised or cite relevant case law, or even explain[] its reasoning process . . . .  Rather, a state court adjudicates a claim on its merits by (1) disposing of the claim on the merits, and (2) reducing its disposition to judgment."

## B.  Dismissal of State Habeas Petition

Fletcher argues that the state court erred in dismissing his state habeas petition without first conducting an evidentiary hearing or ruling on the merits of Fletcher's claims. Respondents contends that Fletcher's claim only asserts a state law violation, is not cognizable in a federal habeas petition, and provides no basis for habeas relief.

A federal habeas court is precluded from reviewing a petition if the state courts' rejection of the argument rests on "independent and adequate state grounds."  Coleman v. Thompson, 501 U.S. 722, 736 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar.  Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.  Here, the Cayuga County Court denied Fletcher's claim on state procedural grounds, see Exh. K, and that decision was later affirmed by the Appellate Division.  See People ex re. Fletcher v. Travis, 19 A.D.3d 1097 (4th Dep't 2005).  However, Fletcher counters that regardless of whether the claim was dismissed on the merits, failure to address his claim would result in a fundamental miscarriage of justice and a total deprivation of the right to a "full and fair opportunity" to litigate his claims, which would have resulted in his release on parole.

When, as here, a petitioner's claim is deemed procedurally defaulted, a federal court may only consider the claim under two limited circumstances: the petitioner shows cause for the default and actual prejudice, or the petitioner shows that failure to consider the claim would result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). Cause can be established by showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court," or that ineffective assistance of counsel caused procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice exists where there is a "reasonable probability" that the result of the proceeding would have been different absent the constitutional violation. Stickler v. Greene, 527 U.S. 263, 289 (1999).

Here, Fletcher alleges no cause for procedural default and none appears from the record. Where, as here, no cause has been demonstrated, a court need not determine whether a petitioner suffered actual prejudice. McCleskey v. Zant, 499 U.S. 467, 502 (1991); Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985). In addition, based upon the record before this Court, Fletcher cannot satisfy the fundamental miscarriage of justice exception, which requires Fletcher to show that he is "actually innocent." Aparicio, 269 F.3d at 90; Lebron v. Mann, 40 F.3d 561, 564 (2d Cir. 1994).

Thus, the petition on this ground should be denied.

### C. Invalid Parole Arrest Warrant

Fletcher argues that the parole arrest warrant was unlawfully issued because it was signed by the same parole officer who sought to obtain the warrant and, thus, was in violation of N.Y. Exec. Law § 259-i(3)(a)(1) and N.Y. Comp. coded R. & Regs., tit. 9, §

8004.2.  <u>See</u> Petition ¶ 20.  Respondents contends that Fletcher's claim only asserts a state law violation and, thus, is not cognizable in a federal habeas petition.

Fletcher's claim that the parole arrest warrant was defective because PO Fiske, who was not a "senior patrol officer or above," issued the warrant for Fletcher's arrest, Pet. at ¶¶ 20–25, may be summarily resolved.  First, the claim does not raise any issue of federal law.  As noted above, federal habeas courts are precluded from reviewing a claim if the state courts' rejection of the argument rested on "independent and adequate state grounds." <u>Coleman</u>, 501 U.S. at 736; <u>Jones</u>, 229 F.3d at 117.  Here, the record indicates that the Appellate Division did address Fletcher's claim under state law and deemed it unworthy of habeas review.

Second, it appears that under New York law, Fletcher's claim is inaccurate.  Fletcher claims violation of N.Y. EXEC. LAW § 259-i(3)(a)(I) and N.Y. Comp. Code R. & Regs., tit. 9, § 8004.2(a) because PO Fiske appeared before the notary public and that this action violated the requirement that, "[n]o officer . . . issue a warrant in a case where he is the one who furnishes the report upon which it is based."  <u>See</u> Pet. at ¶ 24.  However, examination of the parole violation warrant reveals that it was not issued by PO Fiske but by SPO Ben Gray.

Thus, the petition on this ground should be denied.

### D.  Due Process Violation

Fletcher claims that he was denied due process because he did not receive notice of all the charges against him at his parole violation hearing and, specifically, that he did not receive notice of the charge that he had physically harassed and threatened the use of a deadly weapon or dangerous instrument.  Respondent counters that the parole revocation

hearing comported with all federal due process requirements.

As noted above, the Second Circuit held in <u>Eve v. Senkowski</u>, 321 F.3d 110, 121 (2d Cir. 2003), that

> to adjudicate a claim on the merits, the state court need not mention the argument raised or cite relevant case law, or even explain[] its reasoning process . . . .  Rather, a state court adjudicates a claim on its merits by (1) disposing of the claim on the merits, and (2) reducing its disposition to judgment.

Fletcher raised this issue in his state habeas petition, but the County Court declined to rule on the merits and dismissed the petition for procedural reasons.  <u>See</u> Exh. K.  On Fletcher's subsequent appeal to the Appellate Division, respondent argued for affirmance solely upon the ground that his claims were meritless.  <u>See</u> Exh. I.  In its decision, the Appellate Division affirmed the dismissal of Fletcher's petition on the ground that the claims were meritless.  Although the court did not explicitly address Fletcher's claim that notice was inadequate, it did hold that Fletcher's other claims were without merit.  <u>People ex rel. Fletcher v. Travis</u>, 19 A.D.3d 1097 (4th Dep't 2005).  The Second Circuit has maintained that where the respondent made no argument regarding rejection of a petitioner's claim for procedural reasons, it may be presumed that the court's stated rejection of claims was likewise a rejection on the merits.  <u>See</u> <u>Ryan v. Miller</u>, 303 F.3d 231, 245–46 (2d Cir. 2002); <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 314 (2d Cir. 2001).

Consequently, since the Appellate Division did adjudicate on the merits of Fletcher's inadequate notice claim, this Court may grant habeas relief only if Fletcher demonstrates that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1) (1996).

In the context of a parole revocation hearing, the Supreme Court has held that the "full panoply of rights due a defendant . . . does not apply . . . ." Morrissey v. Warden, 408 U.S. 471, 480 (1972). To ensure "minimum" due process at a final parole revocation proceeding, the Court requires:

> (a) written notice of claimed violations of parole; (b) disclosure to the parolee of evidence against him; © opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Id. at 488–89.

The notice must be sufficient to enable a parolee to "marshal the facts in his defense and to clarify what the charges are, in fact." Kloner v. United States, 535 F.2d 730, 735 (2d Cir. 1976); see also United States v. McNeil, 415 F.3d 273, 275–76 (2d Cir. 2005); United States v. Chatelain, 360 F.3d 114, 121–24 (2d Cir. 2004).

Here, the terms of Fletcher's release provided that he "will not behave in such a manner as to violate the provisions of any law to which [he was] subject which provide for a penalty of imprisonment, nor will [his] behavior threaten the safety or well-being of [himself] or others." See Exh. B. The third charge alleged that ". . . on 9-7-02 at approximately 22:25 hours, [Fletcher's] behavior threatened the safety and well being of himself and others when he assaulted Dan Thomson (Security Officer) at Wal-Mart, 55 Crystal Run Road, Middletown, New York, causing the officer to sustain injuries. He was subsequently arrested for Assault 3rd Degree." Fletcher makes much of the fact that the ALJ held that the evidence presented at his revocation hearing would not support a finding that Fletcher had

committed Assault in the Third Degree,[9] but did support a finding that Fletcher committed "physical harassment."[10]

However, the parole revocation hearing is not meant to act as a criminal proceeding for the criminal charges, see People ex rel. Pena v. N.Y.S. Div. of Parole, 83 A.D.2d 887 (2d Dep't 1981); People ex rel. Walker v. Hammock, 78 A.D.2d 369 (4th Dep't 1981). The Second Circuit regards reported violations of the requirement that a parolee or releasee not commit any new criminal act as providing adequate notice under the federal constitution. See Chatelain, 360 F.3d at 121. As long as, the report identified the no-further-crime condition as the condition allegedly violated, identified the crime committed, and contained a description of the basic facts underlying the new criminal charge, the notice suffices. Id.

Here, the original assault charge and the circumstances surrounding that charge, provided adequate and fair notice to Fletcher as to the factual assertions that he would have to counter at his parole revocation hearing.

Thus, the petition on this ground should be denied.

### E. Inadequate Evidence to Support Parole Revocation

Fletcher contends that the parole revocation decision was not supported by a preponderance of the evidence. Respondent contends that the record reveals sufficient evidence of Fletcher's parole violations.

A parole revocation decision must be supported by a preponderance of the evidence.

---

[9] See N.Y. PENAL LAW § 120.00 (McKinney 2005).

[10] See N.Y. PENAL LAW §§ 240.25, 240.26 (McKinney 2005).

-10-

N.Y. EXEC. LAW § 259-i(3)(f)(viii) (McKinney 2005); see also Torres v. Berbary, 340 F.3d 63, 69–71 (2d Cir. 2003). A defendant who claims that the evidence was not sufficient to sustain a conviction bears a "very heavy burden." United States v. Pierce, 224 F.3d 158, 164 (2d Cir. 2000). The Second Circuit has maintained that the weight of the evidence and the credibility of the witnesses are determinations for the jury and are not grounds for reversal. See United States v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001); Maldonando v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). Any inquiry into sufficiency of the evidence requires this Court to evaluate the evidence, both direct and circumstantial, in the light most favorable to the state and credit every inference that could have been drawn in its favor. See, e.g., Glasser v. United States, 315 U.S. 60, 80 (1942); Rosa, 17 F.3d at 1542. To withstand judicial review, there need only be some factual basis for the Board's determination that the parolee did violate the terms and conditions of his parole. McNeil v. Schubin, 353 F. Supp. 166, 167 (S.D.N.Y. 1973).

   Fletcher contends that the Division of Parole failed to establish by a preponderance of the evidence that he violated the term of his parole which required that he not "behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others." Exh. B. However, there is sufficient evidence to support the ALJ's finding that Fletcher had violated both parts of this condition. The security officer's testimony, which was credited by the ALJ, established that Fletcher attempted to leave the store with unpaid merchandise, and when confronted, placed his hands down his pants and attempted to flee by pushing the officer in the chest and striking him in the face. Parole Rev. Tr. at 8-11; Exh. E. This Court must presume that such credibility determinations were correct, 28 U.S.C. §

2254(e)(1) (1996); Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003).  Fletcher has not offered evidence sufficient to rebut this presumption.

A review of the record indicates that there was sufficient evidence to support the parole revocation decision and therefore, the petition should be denied on this ground.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAY WILL PRECLUDE APPELLATE REVIEW**. Roland v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  June 27, 2007
        Albany, New York

_David R. Homer_
United States Magistrate Judge